No. 650 September 11, 2024 13

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. M.,
*Appellant.*

Clackamas County Circuit Court
23CC02175; A181341

Jeffrey S. Jones, Judge.

Argued and submitted April 30, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Judgment vacated; remanded for further proceedings.

**EGAN, J.**

In this civil commitment case, appellant seeks reversal of the trial court's judgment committing her to the custody of the Oregon Health Authority for a period not to exceed 180 days based on a finding that she suffered from a mental disorder that made her a danger to others. ORS 426.130; ORS 426.005(1)(f)(A). Appellant raises two assignments of error. First, appellant argues that the trial court erred when it denied her motion for an in-person hearing, because state statutes and the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitled her to an in-person hearing. Second, appellant argues that the trial court erred in finding that appellant was a person with a mental illness because she is dangerous to others due to her mental disorder. For the reasons that follow, we vacate the trial court's judgment and remand this case for further proceedings.

Appellant argues that her due process rights were violated by the trial court's decision to require a remote hearing pursuant to the Clackamas County Presiding Judge's order (PJO), which required that all civil commitment hearings will "be held remotely." We addressed the same issue in *State v. A. M.*, 333 Or App 453, 553 P3d 593 (2024). In *A. M.*, we sought to determine whether due process required an in-person commitment hearing, noting that the court must consider the following three factors to decide what process is due:

> "'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'"

*Id.* at 462-67 (quoting *Mathews v. Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976)). Although the record permitted our review of the first and third factor, we concluded that the second factor turned on a factual issue, and the record contained "no evidence one way or the other on

[these] factual issues, much less a resolution of any competing evidence." *Id*. at 465-66. We remanded the case so that the parties could submit evidence, and the trial court could "balance the three *Mathews* factors and determine whether due process requires an in-person commitment hearing." *Id*. at 457.

In this case, the procedural facts are nearly identical to *A. M*. The trial court did not hold a hearing on appellant's motion for an in-person hearing, and based on the PJO, the court denied appellant's motion on the same day that she filed it. Neither party submitted evidence as to the second factor, and the court did not weigh the *Mathews* factors in making its decision. Therefore, we vacate the trial court's judgment and remand this case for further proceedings.[1]

Judgment vacated; remanded for further proceedings.

---

[1] We briefly address appellant's second assignment of error. Despite any procedural issues, we conclude that, based on the record in this case, a reasonable factfinder could find by clear and convincing evidence that appellant poses a danger to others due to her mental disorder. *See State v. J. D. S*., 242 Or App 445, 447, 263 P3d 1017 (2011) (stating the standard of review). Appellant's disorder caused her to commit violence against her husband, her symptoms continued at the time of the hearing, she lacked insight into her condition, and she had not taken medications to adequately treat her disorder. Based on those facts, a reasonable factfinder could find, by clear and convincing evidence, that appellant was likely to engage in future violence if she did not remain hospitalized. *See State v. T. T*., 293 Or App 376, 383, 428 P3d 921 (2018) ("To prove that a person is a danger to others, the state must establish that actual future violence is highly likely. *** [P]ast acts, including verbal acts, can justify a finding that a person is mentally ill if the acts form a foundation for predicting future dangerousness." (Internal quotation marks and citations omitted.)).